John E. Mulvihill ⎤
    vs.     ⎬ Div. No. 21917
Hattie E. Mulvihill ⎦

### June 26, 1928.

CAPOTOSTO, J. The petitioner brought his petition for divorce on the ground of living separate and apart for more than ten years.

It is apparent that the relations of the parties have been far from pleasant for the greater part of their married life. It is also quite clear that the principal cause of dissension was the unfortunate weakness of the petitioner to prefer drink to the peace and quiet of his family. This naturally resulted in his going away for more or less indefinite periods, ostensibly for the purpose of employment but more probably to relieve the strained family relations brought about to a great extent by his own conduct. Various prior petitions for divorce were brought which were disposed of in one way or another. Putting aside all testimony of a recriminating character, and considering the petitioner as an average man with an unfortunate failing, the real question in this case is whether or not the peitioner comes within the statutory provision, that is, that he has in fact been living separate and apart from his wife for ten years.

The testimony is confused and of course conflicting. Yet, throughout it all, one feels that well into 1922 the parties made the best of annoying family conditions. The mother kept the children together as best she could and received the father in their home

whenever it suited his convenience to return at indeterminate times and for indefinite periods, there to remain until either his roving disposition or improper conduct or both made it necessary for him to leave. In a letter, dated June 28, 1922, to his wife from Long Beach, New York, (Respondent's Exhibit 6) the petitioner in expressing some doubt as to whether or not he was "coming up on the 4th" invites his wife to "come down here for a week or so."

A decisive change in the family relations took place between June, 1922, and December, 1923. It was during this period that the petitioner really began to live separate and apart from his wife within the meaning of the statute. Writing under date of December 20, 1923, (Respondent's Exhibit 1) the petitioner, among other things, says to his wife: "Now about the Bill (referring to a previous petition) as you term it, I am going to explain to you right at this writing that it should go through . . . as I can see the complaint is "Can't live together . . . for the Past year I have been bringing this to a head as I told you and I have got a Fine Woman to look to for my Future . . . Now why not write me that you will meet her, etc." The evidence reflects the ideas expressed in this letter and, construing it most favorably for the petitioner, leads fairly to the conclusion that it was some time after June, 1922, that he actually began to live separate and apart from his wife.

Under the allegation of living separate and apart for the space of more than ten years, this Court is without authority to exercise its discretion unless it first can find affirmatively from the evidence that the separation had in fact existed for the full statutory period of ten years. If such a finding cannot be made from the testimony, the Court is "powerless and without jurisdiction to do anything further, except to dismiss the petition."

*Guillot* vs. *Guillot*, 42 R. I. 230.

A troubled married life, marked by appreciable periods of absences followed by returns and renewed departures from the family home, cannot be termed a living separate and apart of the parties concerned. The most that can be said for the petitioner is that the statutory period began to run in June, 1922. The petition is dated February 6, 1928. Obviously the petitioner has failed to bring himself within the terms of the statute so as to confer jurisdiction upon this Court for affirmative action.

The petition is therefore denied and dismissed.

For petitioner: McGovern & Slattery.

For respondent: Flynn & Mahoney.